Zhanna GHUKASYAN; Vachgan Tashchyan; Julietta Tashchyan; Nshan Tashchyan, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06-72729.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Zhanna Ghukasyan, Pasadena, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Peter H. Matson, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Zhanna Ghukasyan, her husband and two children, natives and citizens of Armenia, petition pro se for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Ghukasyan testified inconsistently regarding the location of her April 2000 speech, and her testimony concerning her August 2000 blood transfusion was inherently implausible. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (inconsistencies that relate to basis for fear of persecution go to the heart of the claim and support an adverse credibility finding); *see also Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir.2007) (testimony that is implausible can support an adverse credibility determination). Substantial evidence also supports the agency's adverse credibility finding based on Ghukasyan's submission of two fraudulent documents that go to the heart of her asylum claim. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004). Because the agency had reason to question Ghukasyan's credibility, Ghukasyan's failure to provide corroborating evidence · further undermines her claim. *See Sidhu v. INS*, 220 F.3d 1085, 1090–92 (9th Cir.2000). Accordingly, Ghukasyan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Ghukasyan's CAT claim is based on the same testimony the agency found to be not credible, and Ghukasyan points to no other evidence the agency should have considered, she has failed to establish eligibility for CAT relief. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.